**No. 22-2062**
**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

ANNETTE SUTTON,
*Plaintiff-Appellant,*

v.

PLAINFIELD BOARD OF EDUCATION
*Defendant-Appellee.*

Appeal from the United States District Court for the District of New Jersey
Civil Action No. 2:20-cv-08495 (Hon. John Michael Vazquez, District Judge)

**PLAINTIFFS-APPELLANTS' OPENING BRIEF**
**AND JOINT APPENDIX VOLUME I (JA1-JA13)**

WALSH PIZZI O'REILLY FALANGA LLP
Thomas J. O'Leary
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100
*Counsel for Plaintiff-Appellant,*
Annette Sutton

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………………………...i

TABLE OF AUTHORITIES……………………………………………...…..iv

PRELIMINARY STATEMENT…………………………………...……1

JURISDICTIONAL STATEMENT…………………………………………..2

STATEMENT OF THE ISSUES…………………………………………..2

STATEMENT OF RELATED CASES AND PROCEEDINGS…………………..2

STATEMENT OF THE CASE…………………………………………3

    A. Statement of Facts……………………………………………..3

    B. Procedural History……………………………………………6

SUMMARY OF THE ARGUMENT…………………………………7

ARGUMENT…………………………………………………8

THE DISTRICT COURT ERRED IN DETERMINING THAT APPELLANT APPELLANT IS NOT A PREVAILING PARTY UNDER *20 U.S.C. § 1415(i)(3)(B)(i)*...................................................................................8

    A.    Standard of Review…………………………………………...8

    B.    Appellant Is A Prevailing Party Under *20 U.S.C. § 1415(i)(3)(B)(i)*...8

CONCLUSION…………………………………………………...17

CERTIFICATE OF FILING AND SERVICE…………………………18

CERTIFICATE OF COMPLIANCE…………………………………...19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Baumgartner v. Harrisburg Housing Auth.,* 21 F.3d 541 (3d Cir. 1994)…………..9

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
532 U.S. 598 (2001)……………………………………………………..passim

*Carter v. Incorporated Village of Ocean Beach,* 759 F.3d 159
(2d Cir. 2014)…......................................................................................................12

*CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419 (2016)…………...…….14, 15

*Farrar v. Hobby,* 506 U.S. 103 (1992)…………………………………..8, 13, 16

*Hatikvah Int'l Acad. Charter Sch., Inc. v. E. Brunswick Bd.,* 10 F.4th 215
(3d Cir. 2023)………………………………………………………………………10

*H.E. v. Walter D. Palmer Leadership Partners Charter Sch.,*
873 F.3d 406 (3d Cir. 2017)………………………………………………………8

*Internet Media Interactive Corp. v. Shopify, Inc.,* No. 20-416,
2020 WL 6196292 (D. Del. Oct. 22, 2020)………………………………...11

*J.B. v. San Jose Unified Sch. Dist.,* No. 12-06358, 2013 WL 1891398
(N.D. Cal. May 6, 2013)…………………………………………………………11

*John T. ex. rel. Paul T. v. Delaware County Intermediate Unit,*
318 F.3d 545 (3d Cir. 2003)……………………………………………………..13

*Nutrivita Laboratories, Inc. v. VBS Distribution, Inc.,* 1
60 F. Supp. 3d 1184  (C.D. Cal. 2016)…………………………………..11, 12, 14

*Papera v. Pennsylvania Quarried Bluestone Co.,* 948 F.3d 607
(3d Cir. 2020)…………………………………………………………11, 15, 16

*Q.T. on behalf of H.P.-B v. Pottsgrove Sch. Dist.,* 70 F4th 663 (3d Cir. 2023)…....8

*Raab v. City of Ocean City, New Jersey,* 833 F.3d 286
  (3d Cir. 2016)....................................................................................10, 12, 13, 16

*R.D. Wood Co. v. Phoenix Steel Corp.,* 327 F.2d 921 (3d Cir. 1964)…………….11

*Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001)………..........15

*Singer Management Consultants, Inc. v. Milgram,* 650 F.3d 223
  (3d Cir. 2011)…………………………………………………....9, 15

*State National Ins. Co. v. County of Camden,* 824 F.3d 399
  (3d Cir. 2016)……………………………………………………..15, 16

*Texas State Teachers Ass'n v. Garland Independent Sch. Dist.,*
  489 U.S. 782 (1989)……………………………………………………9

*Truesdell v. Philadelphia Housing Auth.,* 290 F.3d 159 (3d Cir. 2002)………9, 14

*Wheeler v. Towanda Area Sch. Dist.,* 950 F.2d 128 (3d Cir. 1991)……………..10

**Statutes**

*20 U.S.C. §1415(i)(3)(B)*……………………………………………………...7

*20 U.S.C. §1415(i)(3)(B)(i)*……………………………………………….2, 8, 16

*20 U.S.C. §1415(i)(3)(B)(i)(I)*……………….…………………………………..1

*28 U.S.C. §1291*…………………………………………………………….2

*N.J.S.A. §18A:36A-11(b)*……….………………………………………10

**Regulations**

*N.J.A.C. §6A:23A-15.4(a)*…………………………………………………...10

**Rules**

Fed. R. App. P. 4(a)(1)(A)……………………………………………………...15

Fed. R. Civ. P. 41(a)(1)(A)(ii)…………………………………………………15

## <u>PRELIMINARY STATEMENT</u>

The Plainfield Board of Education ("Plainfield BOE") is a bully. It filed not one, but two, due process petitions against Appellant Annette Sutton, who is the parent of E.S., a child receiving special education services, and non-party Cresthaven Academy Charter School (the "Cresthaven Academy").[1] The Plainfield BOE filed these petitions because it did not want to be financially responsible for E.S.'s placement at the Calais School pursuant to Individualized Education Plans ("IEPs") that the Cresthaven Academy and Appellant had jointly developed for E.S. Faced with a second due process petition, Appellant had two choices, acquiesce to the Plainfield BOE's bullying or fight back. Appellant chose to fight, and when faced with a fight, the Plainfield BOE retreated by withdrawing its second due process petition with prejudice.

The District Court erred in holding that Appellant is not a "prevailing party" and therefore not entitled to an award of reasonable attorneys' fees and costs pursuant to *20 U.S.C. §1415(i)(3)(B)(i)(I)*. Appellant is a prevailing party because she obtained a material alteration of the parties' legal relationship that is enforceable. By virtue of the Plainfield BOE's withdrawal of its second due process petition with prejudice, the Plainfield BOE is forever barred from asserting its claims by the doctrine of res judicata.

---

[1]E.S. was formerly known as K.J. before he was adopted by Appellant.

This Court should reverse the District Court's decision and remand with instructions to determine the amount of reasonable attorneys' fees and costs to which Appellant is entitled.

## JURISDICTIONAL STATEMENT

Appellant commenced this action seeking an award of attorney's fees and costs pursuant to *20 U.S.C. §1415(i)(3)(B)(i)*. An order disposing all claims was entered on April 28, 2022. (JA2); Appellant filed a Notice of Appeal on May 25, 2022. (JA1). This Court has jurisdiction pursuant to *28 U.S.C. §1291*.

## STATEMENT OF THE ISSUES

Is Appellant, who was aligned as a defendant in the proceedings before the New Jersey Office of Administrative Law, a prevailing party under *20 U.S.C. §1415(i)(3)(B)(i)* in light of the Plainfield BOE's withdrawal of its second due process petition with prejudice? (Raised and objected to: JA17 (ECF No. 29-1). Ruled upon: 3-13 (Opinion); JA2 (Order)).

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before this Court. Plaintiff-Appellant is not aware of any other case or proceeding that is in any way related, completed, pending or about to be presented before this Court or any other court or agency, state or federal.

## STATEMENT OF THE CASE

### A.     Statement of Facts.

Appellant is the mother of an eleven (11) year old child, E.S., who is eligible for special education services under the category Emotionally Disturbed.  (JA34 ¶¶ 1, 2; JA40 ¶ 2).  During the 2017-2018, 2018-2019, and 2019-2020 academic years, E.S. was enrolled as a student at a public charter school, the Cresthaven Academy. (JA40 ¶¶ 1, 3, 11). The Cresthaven Academy was established pursuant to the New Jersey education laws and is located at 530 West 7th Street, Plainfield, New Jersey. (JA35 ¶ 4; JA40 ¶ 1).   The Plainfield BOE is the "District of Residence" for Cresthaven Academy.  (JA35 ¶ 5; JA40 ¶ 1).

On February 12, 2018, the child study team at the Cresthaven Academy issued an IEP for E.S. (JA35 ¶ 6; JA40 ¶ 3).  The IEP called for E.S. to be placed at the Calais School ("Calais"), a private out-of-district placement located in Whippany, New Jersey. (JA35 ¶ 6; JA40 ¶ 3).  On March 13, 2018, the Plainfield BOE filed a due process petition (the "First Due Process Petition") against Cresthaven Academy and Appellant challenging the Cresthaven Academy's determination that E.S. required an out-of-district placement at Calais and contending that he could be educated in a less restrictive environment.  (JA35 ¶ 7; JA41 ¶ 4).  On or about March 27, 2018, the Cresthaven Academy filed an emergent relief application seeking a declaration that Calais was the "stay put" placement for E.S. while the parties

litigated the claims asserted in the First Due Process Petition. (JA35 ¶ 8; JA41 ¶ 5). On December 17, 2018, the parties entered into a settlement agreement that resolved their dispute for the remainder of the 2018-2019 academic year. (JA35 ¶ 9; JA41 ¶ 9; JA51-55). The settlement agreement expressly provided that the Plainfield BOE would withdraw the First Due Process Petition without prejudice and that "[r]espondents agree to waive any Statute of Limitations defenses in the event the Board re-files its Due Process Petition over the program formulated for [E.S.] after the expiration of the current IEP." (JA35 ¶ 10; JA41 ¶ 10; JA53 ¶ 1b).

A few months later, on or about June 6, 2019, the Child Study Team at Cresthaven Academy and Appellant formulated another IEP, which called for E.S. to continue his placement at Calais for the 2019-2020 academic year. (JA36 ¶ 11; JA41-42 ¶¶ 11, 12). On September 20, 2019, the Plainfield BOE filed a second due process petition against the Cresthaven Academy and Appellant (the "Second Due Process Petition") challenging the Cresthaven Academy's determination that E.S. required an out-of-district placement at Calais. (JA65 ¶ 12; JA42 ¶¶ 13, 14; JA73 ¶ 5; JA80 ¶ 5). In the Second Due Process Petition, the Plainfield BOE sought

> a.   "An Order directing Respondents Cresthaven Academy Charter School and A.S., on behalf of [E.S.] to amend the IEP, placing [E.S.] at either the Board's Washington, Clinton or Woodland Elementary School, which represent the least restrictive placements that will meet [E.S.'s] educational needs;"

b.  "An Order compelling a Psychological Evaluation," and

c.  "An Order confirming that during the pendency of this action, Cresthaven Academy Charter School constitutes [E.S.'] 'stay put' placement."

(JA43).

As a result of the above disputes, Appellant retained counsel who entered a Notice of Appearance on her behalf on January 15, 2020 in connection with the Second Due Process Petition that had been filed by the Plainfield BOE. (JA36 ¶ 16; JA56). By letter dated March 12, 2020, Counsel for the Plainfield BOE advised the Administrative Law Judge "[w]e are sorry we were unable to achieve a settlement." (JA77). In an email dated May 6, 2020, counsel for the Cresthaven Academy advised counsel for the Plainfield BOE and counsel for Appellant that "the [administrative law] judge appears to be once again suggesting that the 'parties discuss potential settlement given our global situation so that you have a starting point on May 13' for the conference. I know we've been down this road before – more than once; however, I send this email so we can advise the judge that we did in fact confer on the issue of settlement. Not sure if anyone has any new ideas at this point." (JA58). By email dated May 6, 2020, counsel for the Plainfield BOE responded stating "Thank you, Sandra. I'll think about it, but I think we've explored most every possible solution. Phil." (JA58).

On May 13, 2020, during a video status conference before the Hon. Danielle Pasquale, A.L.J., counsel for the Plainfield BOE informed the Court that the Second Due Process Petition would be withdrawn with prejudice. (JA62 ¶ 7; JA68 ¶ 7). The first time that counsel for Appellant and counsel for the Cresthaven Academy learned that the Plainfield BOE intended to withdraw the Second Due Process Petition was during the status conference with the Hon. Danielle Pasquale, A.L.J. (JA62 ¶ 7; JA68 ¶ 7). There is no written settlement agreement between the Plainfield BOE, Cresthaven Academy, and Appellant with respect to the claims asserted in the Second Due Process Petition. (JA69 ¶ 9; JA82-83 ¶¶ 3, 4). By letter dated May 14, 2020, the Plainfield BOE withdrew the Second Due Process Petition with prejudice. (JA60). The Plainfield BOE's May 14, 2020 letter made no reference to a purported "settlement" between the parties. (*Id.*). The Cresthaven Academy made no concessions to the Plainfield BOE with respect to the claims that had been asserted in the Second Due Process Petition. (JA68 ¶ 6). The Cresthaven Academy and Appellant were ready to try the case on the merits. (JA39 ¶ 9; JA68 ¶ 6).

### B.   Procedural History

On March 13, 2018, the Plainfield BOE filed the First Due Process Petition against the Cresthaven Academy Charter School and Appellant. (JA40 ¶ 4). The First Due Process Petition was resolved via a settlement agreement. (JA51-55). On September 20, 2019, the Plainfield BOE filed the Second Due Process Petition.

(JA40-43). By letter dated May 14, 2020, the Plainfield BOE notified an Administrative Law Judge that it was withdrawing the Second Due Process Petition with prejudice. (JA60).

On July 8, 2020, Appellant filed a complaint in the United States District Court of New Jersey seeking an award of attorneys' fees and costs pursuant to *20 U.S.C. §1415(i)(3)(B)*. (JA15). Appellant filed an Amended Complaint on June 21, 2021. (JA19). On November 5, 2021, Appellant filed and served a notice of motion for partial summary judgment on Counts One and Two of her Amended Complaint. (JA32). On that same day, the Plainfield BOE filed and served a notice of motion for summary judgment. (JA70).

On April 28, 2022, the District Court issued an Opinion and Order denying Appellant's motion for partial summary judgment and granting the Plainfield BOE's motion for summary judgment. (JA2-13). Appellant filed a Notice of Appeal on May 25, 2022. (JA1).

## SUMMARY OF THE ARGUMENT

Appellant is a "prevailing party" because she obtained a material alteration of the parties' relationship that is enforceable. The Plainfield BOE's withdrawal of its Second Due Process Petition with prejudice caused an enforceable material alteration in the legal relationship of the parties because it constitutes an adjudication on the merits for purposes of res judicata.

While the Supreme Court has not set forth in detail how courts should determine whether a defendant has prevailed, the Court has clearly held that a judgment on the merits establishes prevailing party eligibility. This Court has recognized that the phrase "judgment on the merits" is a "term of art" and that "[t]he on-the-merits requirement is better understood in terms of its functional equivalent: whether a dismissal is *with prejudice,"* which is exactly what Appellant obtained in the New Jersey Office of Administrative Law.

## ARGUMENT

**THE DISTRICT COURT ERRED IN DETERMINING THAT APPELLANT IS NOT A PREVAILING PARTY UNDER *20 U.S.C. §1415(i)(3)(B)(i).***

### A.    Standard of Review.

This Court exercises plenary review over a District Court's legal conclusions regarding "prevailing party" status under *20 U.S.C. §1415(i)(3)(B)(i). H.E. v. Walter D. Palmer Leadership Partners Charter Sch.,* 873 F.3d 406, 412 (3d Cir. 2017); *see also Q.T. on behalf of H.P.-B v. Pottsgrove Sch. Dist.,* 70 F4th 663, 666 (3d Cir. 2023).

### B.    Appellant Is A Prevailing Party Under *20 U.S.C. § 1415(i)(3)(B)(i).*

In *Buckhannon,* the Supreme Court held that "enforceable judgments on the merits … create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001); *cf. Farrar*

*v. Hobby,* 506 U.S. 103, 111 (1992) ("[T]o qualify as a prevailing party … [t]he plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought."); *Truesdell v. Philadelphia Housing Auth.,* 290 F.3d 159, 163-64 (3d Cir. 2002) (same). Further, in discussing whether "the plaintiff has crossed the threshold to a fee award of some kind," the Court stated in *Texas Teachers,* "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.,* 489 U.S. 782, 792 (1989); *Singer Management Consultants, Inc. v. Milgram,* 650 F.3d 223, 228 (3d Cir. 2011). In the course of this discussion, the Court, continued, "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas Teachers,* 489 U.S. at 792-93; *Baumgartner v. Harrisburg Housing Auth.,* 21 F.3d 541, 545-46 (3d Cir. 1994).

Appellant "has crossed the threshold to a fee award of some kind" because she obtained a material alteration of the parties' legal relationship that is enforceable. *See Buckhannon,* 532 U.S. at 604; *Farrar,* 506 U.S. at 111; *Texas Teachers,* 489 U.S. at 792. This court has stated that "[l]itigation can be a material contributing factor if it changed the legal relations of the parties such that [the other party] were

legally compelled to grant relief." *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 132 (3d Cir. 1991). That is exactly what happened here because the Plainfield BOE became legally compelled to pay for E.S.'s tuition at Calais by losing its statutory challenge to the joint decision of Appellant and Cresthaven Academy to place E.S. at Calais when it withdrew the Second Due Process Petition with prejudice. *See N.J.S.A. §18A:36A-11(b); N.J.A.C. §6A:23A-15.4(a); see also Hatikvah Int'l Acad. Charter Sch., Inc. v. E. Brunswick Bd.,* 10 F.4th 215, 219 (3d Cir. 2023) (stating that *N.J.S.A. §18A:36A-11(b)* "explicitly provides that 'the fiscal responsibility for any student currently enrolled in or determined to require a private day or residential school shall remain with the district of residence,' not with the charter school.").

For purposes of a prevailing party analysis, the "key" is whether the "change" in the material alteration of the parties' legal relationship "is enforceable or 'judicially sanctioned' by the court." *Raab v. City of Ocean City, New Jersey,* 833 F.3d 286, 293 (3d Cir. 2016); *see also Buckhannon,* 532 U.S. at 622 (noting that "normal meaning of 'prevailing party' in litigation" requires "an enforceable 'alteration of the legal relationship of the parties.'") (Scalia, J., concurring). The Plainfield BOE's withdrawal of its Second Due Process Petition with prejudice caused an enforceable material alteration in the legal relationship of the parties because it constitutes an adjudication on the merits for purposes of res judicata.

(JA60)  *See Papera v. Pennsylvania Quarried Bluestone Co.,* 948 F.3d 607, 611 (3d Cir. 2020) ("A dismissal with prejudice 'operates as an adjudication on the merits,' so it ordinarily precludes future claims."); *R.D. Wood Co. v. Phoenix Steel Corp.,* 327 F.2d 921, 923 (3d Cir. 1964) ("We do not doubt that the voluntary withdrawal of respondent's claim against the shipowner 'with prejudice' was effective as a final disposition of that claim.").

Towards this end, District Courts have held that a plaintiff's voluntary dismissal of a lawsuit with prejudice conferred prevailing party status on a defendant in the absence of judicial action.  *See e.g., Internet Media Interactive Corp. v. Shopify, Inc.,* No. 20-416, 2020 WL 6196292, at *3 (D. Del. Oct. 22, 2020) (holding that a plaintiff's voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) which did not require any action by the Court conferred prevailing party status upon a defendant); *Nutrivita Laboratories, Inc. v. VBS Distribution, Inc.,* 160 F. Supp. 3d 1184, 1189-90 (C.D. Cal. 2016) (holding that stipulation of dismissal with prejudice conferred prevailing party status upon a defendant); *J.B. v. San Jose Unified Sch. Dist.,* No. 12-06358, 2013 WL 1891398, at *4 (N.D. Cal. May 6, 2013) (denying school district's Rule 12(b)(6) motion to dismiss and holding that the voluntary withdrawal of the school district's due process petition enabled a finding that a parent was a prevailing party).  The *Nutrivita Laboratories* Court appropriately reasoned "although a voluntary dismissal with prejudice does not fall

exactly within the bounds of *Buckhannon's* rule, it is clearly *something* more that voluntary conduct which moots a dispute, as in *Buckhannon,* and the mechanism of dismissal, *with prejudice*, does contemplate judicial enforcement." *See Nutrivita Laboratories,* 160 F. Supp.3d at 1189 (emphasis in original); *cf. Raab,* 833 F.3d at 294 ("A settling plaintiff may be entitled to attorney's fees if the district court has ancillary jurisdiction to enforce the terms of a settlement agreement.").

In *Carter v. Incorporated Village of Ocean Beach,* 759 F.3d 159, 162 (2d Cir. 2014), the plaintiffs voluntarily dismissed some claims with prejudice and argued that the defendants were not prevailing parties as to those claims because it was the plaintiffs' actions, not the court's, that resulted in the dismissal. *Carter,* 759 F.3d at 165. The Second Circuit rejected the plaintiff's arguments calling it "obvious" that a voluntary dismissal with prejudice rendered the defendants prevailing parties. *Id.* at 166. The *Carter* Court reasoned that "[i]n *Buckhannon,* the Supreme Court held that to 'prevail[]' for purposes of attorney's fees, a party (the plaintiff in that case) must have gained through the litigation 'a material alteration of the legal relationship of the parties" and that "[a] voluntary dismissal of an action with prejudice works such alteration, because it constitutes 'an adjudication on the merits for purposes of *res judicata[.]*'" *See id.* at 165. Accordingly, the Second Circuit held that "[t]he County Defendants have, in every sense of the word, 'prevail[ed]' as to all claims, whether dismissed or otherwise." *See id.* at 166.

Here, the District Court correctly determined that the Plainfield BOE's "voluntary withdrawal [of the Second Due Process Petition] resulted in a material alteration of the parties' legal relationship," but erred in ruling that Appellant is not a prevailing party because "the Court is bound by the Third Circuit's decision in *John T.,* which instructs that the prevailing party issue requires that the change in the parties' legal relationship be judicially sanctioned." (JA9). The Plaintiffs in *John T.* did not achieve a material alteration of parties' legal relationship that was enforceable and, therefore, were not prevailing parties for purposes of an attorneys' fee award. *See Farrar,* 506 U.S. at 113 ("No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."). The parties in *John T.* developed a mutual resolution "through negotiations out of court," and there was no form of judicial sanction over the parties' mutually agreed upon resolution. *See Raab,* 833 F.3d at 294-95 (analyzing *John T. ex. rel. Paul T. v. Delaware County Intermediate Unit,* 318 F.3d 545, 560 (3d Cir. 2003)). In *Buckhannon,* the Court distinguished between court-approved settlements and private settlements, stating that "private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated

into the order of dismissal." *See Buckhannon,* 532 U.S. at 604 n. 7; *Truesdell,* 290 F.3d at 164.

The District Court also believed that it was constrained by dicta in *CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419 (2016) reasoning that "the Supreme Court has made clear that the touchstone of the prevailing party inquiry must be the material alteration of legal relationship of the parties, which *must* be marked by judicial imprimatur." (JA9) (internal quotation omitted; emphasis in original). In the next sentence of its opinion, however, the *CRST* Court cited to *Buckhannon* and stated that "when a plaintiff secures an 'enforceable judgmen[t] on the merits' or a 'court-ordered consent decre[e],' that plaintiff is the prevailing party because he has received a 'judicially sanctioned change in the legal relationship of the parties.'" *See CRST,* 578 U.S. at 423.

In *CRST,* the Court emphasized a "common sense" approach to the prevailing party determination recognizing that "[p]laintiffs and defendants come to court with different objectives." *CRST,* 578 U.S. at 431; *cf. Nutrivita Laboratories,* 160 F. Supp.3d at 1189 (noting that *Buckhannon* is "a somewhat clumsy fit for voluntary dismissals with prejudice."). While the Supreme Court "has not set forth in detail how courts should determine whether a defendant has prevailed," it is clear that the Court "has identified two resolutions that establish prevailing party eligibility: (1) judgments on the merits, and (2) court-ordered consent decrees (including settlement

agreements enforced through consent decrees)." *See id.* at 422*; Singer,* 650 F.3d at 228. "*Buckhannon* characterized these two resolutions as 'examples' of decisions that create the necessary alteration of the legal relationship of the parties." *See Singer,* 650 F.3d at 231. "The first resolution contains two independent requirements: (1) a judgment (2) that was on the merits." *See id.* at 228.

This Court has recognized that the phrase "judgment on the merits" is a "term of art" that "is confusing because it does not require an actual verdict or summary judgment[.]" *See Papera,* 948 F.3d at 610; *see also Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-03 (2001). "The on-the-merits requirement is better understood in terms of its functional equivalent: whether a dismissal is *with prejudice,"* which is exactly what Appellant obtained in the New Jersey Office of Administrative Law. *See Papera,* 948 F.3d at 610 (emphasis in original).

Similarly, in *State National Ins. Co. v. County of Camden,* 824 F.3d 399, 404 (3d Cir. 2016), a joint Stipulation of Dismissal with prejudice was filed without court action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and the appellant filed a notice of appeal sixty two days after the Stipulation of Dismissal had been entered. This Court held that appellate jurisdiction was lacking because the appellant had failed to "file a Notice of Appeal 'with the district clerk within 30 days after the entry of the judgment or order appealed from.'" *State National,* 824 F.3d at 404, 411; Fed. R. App. P. 4(a)(1)(A). "The Stipulation of Dismissal was effective immediately, and

because all of the remaining claims were resolved by that Stipulation, the stipulated dismissal was a final judgment from which the time to appeal began to run." *See id.* at 411.

Here, there is no practical difference between the Plainfield BOE's withdrawal of its Second Due Process Petition with prejudice and the "judgment on the merits" that Appellant could have obtained if the case had been tried on the merits and the Administrative Law Judge ruled against the Plainfield BOE on every claim that it had asserted. *See Papera,* 948 F.3d at 610; *State National,* 824 F.3d at 411; *Carter,* 759 F.3d at 165. Appellant obtained an enforceable alteration in the parties' legal relationship because the Plainfield BOE is barred forever from reasserting the claims that had been asserted in the Second Due Process Petition. *See Buckhannon,* 532 U.S. at 604; *Farrar,* 506 U.S. at 111; *Raab,* 833 F.3d at 293. Appellant's victory was total; therefore, she is a "prevailing party" under *20 U.S.C. §1415(i)(3)(B)(i).*

## <u>CONCLUSION</u>

For the foregoing reasons, the District Court's Order should be reversed and the case should be remanded with instructions to determine the reasonable amount of attorneys' fees and costs to which Appellant is entitled.

Dated: July 31, 2023                    Respectfully submitted,


By:   *s/ Thomas J. O'Leary*
        Thomas J. O'Leary (040501998)
        WALSH PIZZI O'REILLY FALANGA LLP
        Three Gateway Center
        100 Mulberry Street, 15th Floor
        Newark, New Jersey 07102
        Tel: (973) 757-1000

        *Counsel for Appellant, Annette Sutton*

## CERTIFICATE OF FILING AND SERVICE

I, Thomas J. O'Leary, counsel for Appellant Annett Sutton, certify that on July 31, 2023 I caused Appellant's Opening Brief and Joint Appendix to be filed with the Clerk of this Court by electronic filing in PDF form using the Court's CM/ECH filing system. I certify that I caused the Appellant's Opening Brief and Joint Appendix to be served by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system on the following Filing Users:

> Robert E. Levy, Esq.
> Scarinci Hollenbeck
> P.O. Box 790
> Lyndhurst, New Jersey 07071
> Attorneys for Defendant-Appellee
> Plainfield Board of Education

Dated: July 31, 2023

*s/ Thomas J. O'Leary*
THOMAS J. O'LEARY

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that I am counsel for Annette Sutton and that I am filing the

attached Brief for Appellant, and

1) This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,763 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f);

2) This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point type size with Times New Roman font. As permitted by Federal Rule of Appellate Procedure 32(a)(7)(C)(i), the undersigned relied upon the word count feature of the word-processing system to prepare the brief;

3) The text of the electronic PDF Brief and Joint Appendix is identical to the text of the paper copies of the Brief and Joint Appendix;

4) The electronic PDF Brief and Joint Appendix have been prepared on a computer that is protected by a virus detection program, namely continuously updated versions of the Windows Defender and AV Defender virus scanning programs, and no virus was detected; and

5) The attorney whose name appears on this brief, Thomas J. O'Leary, is a member of the bar of this Court.

Dated:  July 31, 2023                    *s/ Thomas J. O'Leary*
                                        Thomas J. O'Leary

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

ANNETTE SUTTON,

*Plaintiff-Appellant,*

v.

PLAINFIELD BOARD OF EDUCATION

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of New Jersey, No. 2:20-cv-08495
(Hon. John Michael Vazquez, District Judge)

## JOINT APPENDIX VOLUME I (JA1–JA13)

THOMAS J. O'LEARY
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

*Counsel for Appellant*

ROBERT E. LEVY
Scarinci Hollenbeck, LLC
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey 07071

*Counsel for Appellee*

# TABLE OF CONTENTS

**VOLUME I (BOUND WITH BRIEF)**

Page

Notice of Appeal…………………………………………………………...JA1

Order Denying Plaintiff's Motion For Summary Judgment, and
  Granting Defendant's -Motion For Summary Judgment, and
  (filed on April 28, 2022)……………...……………………………………..JA2

Opinion re: Motions for Summary (filed on April 28, 2022)…………..……….JA3

**VOLUME II**

Docket Entries…………………………………………………………………JA14

Amended Complaint………………………………………………….…..JA19

Answer To Amended Complaint……………………………………………JA25

Plaintiff's Notice of Motion For Partial Summary Judgment on Count I
  and Summary Judgment on Count II of Amended Complaint…………….......JA32

Plaintiff's Local Civil Rule 56.1 Statement of Material Facts…………………JA34

Certification of Thomas J. O'Leary, Esq. dated November 25, 2020………...JA38

    Exhibit A: Due Process Petition dated September 20, 2019……………JA40

    Exhibit B:  Notice of Appearance…………………………...……..JA56

    Exhibit C: Email dated May 6, 2020…………………………………JA57

    Exhibit D: Responsive email dated May 6, 2020………………………JA58

    Exhibit E:  Letter dated May 14, 2020…………………………………JA60

Certification of Zahire D. Estrella-Chambers Esq.
  dated November 25, 2020……………………………………………..…JA61

Certification of Thomas O. Johnston, Esq. dated November 3, 2021.............JA67

Defendants' Notice of Motion For Summary Judgment...........................JA70

Defendant's Local Civil Rule 56.1 Statement of Material Facts.................JA72

Certification of Robert E. Levy, Esq. dated November 5, 2021..................JA75

    Exhibit A: Order Approving Settlement As To Emergent Relief
        Action..............................................................JA45

    Exhibit B:  Due Process Petition dated September 19, 2020..............JA40

    Exhibit C:  Letter dated March 12, 2020.....................................JA77

    Exhibit D:  Letter dated May 29, 2020.......................................JA78

Plaintiff's Response to Defendant's Local Civil Rule 56.1 Statement of
  Material Facts.................................................................JA80

Certification of Thomas J. O'Leary, Esq. dated November 18, 2021.............JA82

    Exhibit A: Certification of Zahire D. Estrella-Chambers, Esq.
        without exhibits dated November 25, 2020.....................JA84

Certification of Madelaine P. Hicks dated November 29, 2021..................JA90

WALSH PIZZI O'REILLY FALANGA LLP
Thomas J. O'Leary
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Tel: (973) 757-1100
Attorneys for Plaintiff,
A.S. Individually and o/b/o E.S.

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.S. individually and o/b/o E.S., | Civil Action No. 2:20-cv-08495 (JMV/JSA) |
| Plaintiff, | |
| v. | **NOTICE OF APPEAL** |
| PLAINFIELD BOARD OF EDUCATION, | *Electronically Filed* |
| Defendant. | |

Notice is hereby given that A.S. individually and on behalf of her minor son E.S., plaintiff in the above captioned action, hereby appeals, pursuant to 28 U.S.C. § 1291, to the United States Court of Appeals for the Third Circuit from the District Court's Opinion and Order entered in this Action on April 28, 2022 denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment.

WALSH PIZZI O'REILLY FALANGA LLP

By:    *s/ Thomas J. O'Leary*
         Thomas J. O'Leary
         Attorneys for Plaintiff, A.S.,
         individually and o/b/o E.S.

**JA1**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

A.S. individually and o/b/o E.S.,

     *Plaintiff,*

v.

PLAINFIELD BOARD OF EDUCATION,

     *Defendant.*

Civil Action No. 20-8495

## <u>ORDER</u>

**<u>John Michael Vazquez, U.S.D.J.</u>**

For the reasons set forth in the accompanying Opinion, and for good cause shown,

IT IS on this 28th day of April 2022,

**ORDERED** that Plaintiff's motion for summary judgment, D.E. 29, is **DENIED**; and it is further

**ORDERED** that Defendant's motion for summary judgment, D.E. 30, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint is dismissed with prejudice; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

John Michael Vazquez, U.S.D.J.

Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| A.S. individually and o/b/o E.S., <br>                *Plaintiff*, <br> v. <br> PLAINFIELD BOARD OF EDUCATION, <br>                *Defendant.* | Civil Action No. 20-8495 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Plaintiff's motion for summary judgment on Counts I and II of the Amended Complaint ("AC"), D.E. 29, and Defendant's motion for summary judgment, D.E. 30. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED**.

---

[1] Plaintiff's brief in support of her motion for summary judgment, D.E. 29-1 ("Pl. Br."); Defendant's brief in opposition, D.E. 31 ("Def. Opp."); Plaintiff's reply brief in further support of her motion, D.E. 33 ("Pl. Reply"); Defendant's brief in support of its motion for summary judgment, D.E. 30-1 ("Def. Br."); Plaintiff's brief in opposition, D.E. 32 ("Pl. Opp."); and Defendant's reply brief in further support of its motion, D.E. 34 ("Def. Reply"). Plaintiff also relies on her Statement of Material Facts, D.E. 25-1 ("PSOMF") as well as the Certification of Thomas J. O'Leary, D.E. 29-2 ("O'Leary Cert.") and the attached exhibits. Defendant relies on its Statement of Undisputed Material Facts, D.E. 24 at 2-3 ("DSOMF") as well as the Certification of Robert E. Levy, D.E. 30-2 ("Levy Cert.") and the attached exhibits.

I.    **BACKGROUND**[2]

Plaintiff is the parent of E.S., a student with disabilities who resides in the area served by the Plainfield Board of Education ("Plainfield BOE").  DSOMF ¶¶ 1-2.  During the 2017-18 and 2019-20 academic years, E.S. was a student at Cresthaven Academy Charter School ("Cresthaven Academy"), a public charter school located within the Plainfield BOE's district.  PSOMF ¶¶ 3-5.  During the relevant period, E.S. was eligible for special education and related services.  *Id.* ¶ 2.

In February 2018, the Cresthaven Academy Child Study Team formulated an Individualized Education Plan ("IEP") calling for E.S. to be placed at Calais School, a private out-of-district school.  *Id.* ¶ 6.  The Plainfield BOE subsequently filed a due process petition against A.S. and Cresthaven Academy challenging this determination (the "First Due Process Petition").  *Id.* ¶ 7.  Shortly thereafter, Cresthaven Academy filed an emergent relief application seeking a declaration that Calais School serve as E.S.'s "stay put" placement while the parties litigated the claims.  *Id.* ¶ 8.  In December 2018, the parties entered into a settlement agreement resolving the dispute for the remainder of the 2018-19 academic year.  *Id.* ¶ 9.  The settlement agreement provided that the Plainfield BOE would withdraw the First Due Process Petition without prejudice and that Plaintiff and Cresthaven Academy would waive any statute of limitation defenses in the event the Plainfield BOE re-filed its due process petition over any program formulated for E.S. after the expiration of the IEP in place.  *Id.* ¶ 10.

In June 2019, the Cresthaven Academy Child Study Team formulated an IEP calling for E.S. to be placed at Calais School for the 2019-20 academic year.  *Id.* ¶ 11.  The Plainfield BOE

---

[2] The factual background is taken from PSOMF; DSOMF; the O'Leary Cert. and attached exhibits; and the Levy Cert. and attached exhibits.  As Defendant has not submitted a responsive statement of material facts, the Court accepts as true the statements set forth in PSOMF for purposes of this Opinion.

again filed a due process petition challenging the determination (the "Second Due Process Petition"). *Id.* ¶ 12. The Plainfield BOE sought an order directing Cresthaven Academy to amend the IEP, compelling a psychological evaluation, and confirming that Cresthaven Academy be E.S.'s "stay put" placement during the pendency of the dispute. *Id.* ¶¶ 13-15. On May 6, 2020, counsel for Cresthaven Academy emailed counsel for Plaintiff and the Plainfield BOE advising that the administrative law judge ("ALJ") appeared to be suggesting that the parties discuss a potential settlement. *Id.* ¶ 17; O'Leary Cert., Ex. D. Counsel for the Plainfield BOE responded: "Thank you, Sandra. I'll think about it, but I think we've explored most every possible solution." PSOMF ¶ 18; O'Leary Cert., Ex. D. One week later, during a video status conference, counsel for the Plainfield BOE informed the ALJ that the Second Due Process Petition would be withdrawn with prejudice. PSOMF ¶ 19. The next day, on May 14, 2020, the Plainfield BOE submitted a letter to the ALJ withdrawing the petition with prejudice. *Id.* ¶ 22; O'Leary Cert., Ex. E. The letter did not reference a settlement between the parties, *id.*; PSOMF ¶ 23, and the parties did not enter into a written settlement agreement as to the Second Due Process Petition. *Id.* ¶ 21.[3]

After the Plainfield BOE voluntarily withdrew the Second Due Process Petition, Plaintiff sent a demand for attorneys' fees, DSOMF ¶ 7, but the parties were unable to reach a resolution, O'Leary Cert., Ex. F at 2-3. On July 8, 2020, Plaintiff commenced the present litigation seeking payment of attorneys' fees associated with the Second Due Process Petition. DSOMF ¶ 8. On June 21, 2021, Plaintiff filed an Amended Complaint; Defendant subsequently filed an Answer. *Id.* ¶¶ 15-16. The present motions followed.

---

[3] Defendant asserts in its Statement of Undisputed Material Facts that the matter "was settled out of court" on May 14, 2020. DSOMF ¶ 6. However, Defendant did not dispute Plaintiff's contention that there was no written settlement agreement between the parties with respect to the claims brought in the Second Due Process Petition. Nor has Defendant provided the Court with documentation of any such written settlement agreement.

## II.    STANDARD OF REVIEW

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.*  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Saldana v. KmartCorp.*, 260 F.3d 228, 232 (3d Cir. 2001) (the court must "view the facts in the light most favorable to the nonmoving party").  A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).  To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at

4

250.  "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment."  *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."  *Celotex Corp.*, 477 U.S. at 322.  "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 250-51.

## III.  ANALYSIS

### A.  Prevailing Party

Count I of the AC asserts that Plaintiff is entitled to an award of attorneys' fees as a "prevailing party" under the fee-shifting provision of the IDEA, 20 U.S.C. §1415(i)(3)(B).  AC ¶¶ 6-16.  Plaintiff argues that she is a prevailing party because Defendant's withdrawal of the Second Due Process Petition with prejudice resulted in an enforceable, material alteration of the parties' legal relationship.  Pl. Br. at 7.  Defendant argues that Plaintiff is not a prevailing party because she was not awarded relief by a court, Def. Br. at 7-8, and because there was no judicially sanctioned change in the legal relationship of the parties, Def. Reply at 5.  In support, Defendant relies on *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003) and *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001).  Def. Br. at 7-8; Def. Reply at 4-5.  Defendant also argues that Plaintiff is not a prevailing party because the order issued in connection with Cresthaven Academy's[4] emergent relief application provided only temporary relief.  Def. Br. at 8-10.  The Court does not address

---

[4] Defendant refers to "the District's emergent relief petition," Def. Br. at 9, which appears to be in error, as the Order addressed the Plainfield BOE's First Due Process Petition and *Cresthaven Academy's* emergent application and cross-petition.  *See* Levy Cert., Ex. A at 2.

Defendant's latter argument, as it concerns an order issued in connection with the First Due Process Petition, *see* Levy Cert., Ex. A at 2, which is irrelevant to the present dispute over attorneys' fees relating to the Second Due Process Petition.

The Court previously summarized in detail the Third Circuit's findings in *John T.* in its May 21, 2021 Opinion and Order. *See* D.E. 14 at 5-6. In brief, the plaintiff-appellant appealed the district court's decision denying his motion for attorneys' fees under the IDEA. *John T.*, 318 F.3d at 551. The parties had previously litigated, among other things, whether the defendant school district was obligated to continue providing services to the plaintiff in a private school. *Id.* at 549-50. During the course of the litigation, through out-of-court negotiations, the parties developed a mutually acceptable IEP. *Id.* at 551. "Having thereby achieved the primary objective of his litigation," the plaintiff voluntarily dismissed his complaint and argued that he was entitled to attorneys' fees as a "prevailing party" under 20 U.S.C. 1415(i)(3)(B). *Id.*

The Third Circuit first clarified that the Supreme Court's decision in *Buckhannon* applied to the IDEA's fee-shifting provision. *Id.* at 556. The *John T.* court specifically highlighted the Supreme Court's finding that a party benefitting from a settlement agreement could be a "prevailing party" provided that "the change in the legal relationship of the parties was in some way judicially sanctioned." *Id.* (quoting *Buckhannon*, 532 U.S. at 605 (internal quotation marks omitted)). The Third Circuit then ruled, in relevant part, that the plaintiff was not a prevailing party by virtue of having obtained an acceptable IEP through out-of-court negotiations because "this result was not 'judicially sanctioned' as required by *Buckhannon*," and "no court has endorsed the agreement with a 'judicial *imprimatur*.'" *Id.* at 560 (quoting *Buckhannon*, 532 U.S. at 605).

Plaintiff contends that *John T.* is factually distinguishable because the plaintiff there obtained temporary and preliminary relief that was not merits-based.  Pl. Br. at 8.  The Court disagrees.  The *John T.* court did find that a preliminary injunction and contempt order enforcing the preliminary injunction were insufficient to confer prevailing party status because they provided only interim relief not based on the merits.  But that issue is not before the Court.  Relevant here is whether Plaintiff may be considered the prevailing party in connection with the Plainfield BOE's voluntary withdrawal of its Second Due Process Petition.  To this end, the Third Circuit found that a negotiated IEP obtained out of court and the plaintiff's subsequent voluntary dismissal of the case lacked "judicial *imprimatur*."  *John T.*, 318 F.3d at 560 (internal quotation omitted).  Here, the Plainfield BOE's voluntary withdrawal of the Second Due Process petition with prejudice allowed E.S. to be placed at Calais School for the 2019-20 academic year.  Thus, Defendant's voluntary withdrawal changed the legal relationship of the parties but "this result was not 'judicially sanctioned.'"  *Id.* at 560 (quoting *Buckhannon*, 532 U.S. at 605).  Accordingly, under *John T.* and *Buckhannon*, Plaintiff cannot be considered a prevailing party.

This result is consistent with *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016), which Plaintiff cites for the proposition that the Supreme Court "has not articulated a precise test for when a defendant is a prevailing party."  *Id.* at 422 (cited in Pl. Opp. at 8).  While this may be so, the Supreme Court has made clear that "the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties,'" which "*must* be marked by 'judicial *imprimatur*.'"  *Id*. (emphasis added) (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 and *Buckhannon*, 532 U.S. at 605).  Plaintiff's contention that she "did better" than the plaintiff in *CRST* because she obtained an enforceable material change in the parties' legal relationship ignores the Supreme Court's clear requirement that this change must

be judicially sanctioned in some manner to confer prevailing party status. *See id.*; *Buckhannon*, 532 U.S. at 605.

However, several court cases cited by Plaintiff do support her argument that she is the prevailing party by virtue of the Plainfield BOE's voluntary withdrawal with prejudice of the Second Due Process Petition. *See* Pl. Br. at 10-11; Pl. Opp. at 7-8; Pl. Reply at 6. For instance, in *Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159 (2d Cir. 2014), the court considered whether the voluntary dismissal of some claims, coupled with the district court's grant of summary judgment dismissing the remaining claims, rendered the defendants prevailing parties. The Second Circuit held that the defendants had prevailed as to all claims because the plaintiffs were barred from relitigating any of those claims, resulting in a material alteration of the parties' legal relationship. *Id.* at 166. Similarly, in *Internet Media Interactive Corp. v. Shopify Inc.*, Civ. No. 20-416, 2020 WL 6196292 (D. Del. Oct. 22, 2020), the relevant issue was whether the plaintiff's voluntary dismissal with prejudice rendered the defendant a prevailing party. The *Internet Media* court noted that "[a]lthough the dismissal here did not require the Court's approval (or any action by the Court)…the import of 'with prejudice' is that Defendant can no longer be subject to the particular claim [ ] asserted in Plaintiff's Complaint." *Id.* at *3. Thus, the court reasoned, the legal relationship of the parties had been materially altered such that the defendant could be considered a prevailing party. *Id.*[5] Plaintiff also relies on *J.B. ex rel. H.S. v. San Jose Unified Sch. Dist.*, Civ. No. 12-06358, 2013 WL 1891398 (N.D. Cal. May 6, 2013), in which the court considered whether the school district's voluntary withdrawal of its due process complaint

---

[5] The *Internet Media* court—a district court within the Third Circuit—did not discuss *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003) or apply its instruction that the change in the legal relationship between the parties must be judicially sanctioned to confer prevailing party status. *See id.* at 560.

without prejudice was sufficient to confer prevailing party status upon the student.  There, the court held that "if a dismissal without prejudice nevertheless precludes refiling a complaint, it alters the legal relationship of the parties; this 'material alteration of the legal relationship of the parties' may be sufficient to find that one party is the prevailing party." *Id.* at * 3.  The *J.B.* court went on to find that although the school district had withdrawn its complaint without prejudice, it was precluded from refiling its complaint because to do so would constitute unnecessary delay; thus, the district's voluntary withdrawal changed the legal relationship of the parties, enabling a finding that the student was the prevailing party.  *Id.* at *4.

Here, the Plainfield BOE is barred from reasserting the claims contained within the Second Due Process Petition because its voluntary withdrawal of the petition was with prejudice. Therefore, as in *Carter*, *Internet Media*, and *J.B.*, Defendant's voluntary withdrawal resulted in a material alteration of the parties' legal relationship.  However, while the above cases indeed support the argument that Plaintiff is a prevailing party under the present circumstances, the Court is bound by the Third Circuit's decision in *John T.*, which instructs that the prevailing party issue requires that the change in the parties' legal relationship be judicially sanctioned.  318 F.3d at 560. As discussed, it was not.  Thus, the Court finds that Plaintiff is not a prevailing party for the purposes of awarding attorneys' fees pursuant to the IDEA's fee-shifting provision.  Accordingly, Count I of the AC is dismissed.

### B.  Frivolous Claims

Count II of the AC seeks an award of attorneys' fees and costs pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B), on the basis that the Second Due Process Petition was frivolous, unreasonable, and groundless.  AC ¶¶ 17-30.  The AC does not specify which subsection of the IDEA's fee-shifting provision applies.  However, in her summary judgment

9

briefing, Plaintiff refers to the subsection of the fee-shifting provision entitling a prevailing parent

to attorneys' fees, 20 U.S.C. §1415(i)(3)(B)(i)(I), and argues that an award of fees is warranted

under the standard set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). Pl.

Br. at 12-18. Defendant maintains that the Second Due Process Petition was brought in good faith

and not frivolous, and in any event, Plaintiff is not entitled to recover attorneys' fees and costs

under the IDEA for frivolous, unreasonable, or groundless claims brought by the Plainfield BOE.

Def. Br. at 10-11.

To the extent Count II of the AC seeks relief under 20 U.S.C. §1415(i)(3)(B)(i)(I), the same

subsection of the IDEA's fee-shifting provision underlying Count I of the AC, Plaintiff's claim

fails because Plaintiff is not a "prevailing party" under such provision for the reasons discussed

above. Accordingly, the Court does not address whether the *Christiansburg* standard applies to a

prevailing parent seeking attorneys' fees under the IDEA. Moreover, while Plaintiff argues that

she is entitled to attorneys' fees under the more stringent standard set forth in *Christiansburg*, Pl.

Br. at 17-18, she simultaneously maintains that *Christiansburg* "does not apply in this case because

Congress intended for prevailing parents to recover attorneys' fees in special education litigation,"

*id.* at 13. Thus, Plaintiff takes inconsistent positions as to the relevance of *Christiansburg*.

*Compare id. with* Def. Opp. at 5-6; Def. Br. at 11.[6]

To the extent that Plaintiff seeks an award of attorneys' fees pursuant to 20 U.S.C.

§1415(i)(3)(B)(i)(II), the subsection of the IDEA's fee-shifting provision that addresses frivolous,

---

[6] The Court notes, however, that *Christiansburg* does not appear to support the conclusion that a party may be deemed the prevailing party under the IDEA's fee-shifting provision merely because the complaint brought against the party was frivolous. Rather, as Defendant notes, *Christiansburg* created an *additional* requirement for the award of attorneys' fees to a prevailing defendant in certain types of cases. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

unreasonable, or foundation-less claims brought by a parent, the Court finds that Plaintiff falls short. The IDEA states, in relevant part, as follows:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs…(II) to a prevailing State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

20 U.S.C. §1415(i)(3)(B)(i). The statute expressly provides that the court may award attorneys' fees based on the filing or continued litigation of a frivolous, unreasonable, or groundless complaint to a prevailing *State or local educational agency against the attorney of a parent*. The provision, however, does not provide the same relief to parents. Here, Plaintiff is not a State or local educational agency, but a parent. Thus, Plaintiff is not entitled to attorneys' fees under the IDEA based upon the allegedly frivolous due process petition brought by the Plainfield BOE.

For the foregoing reasons, Count II of Plaintiff's AC is dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (D.E. 29) is **DENIED**, and Defendant's motion for summary judgment (D.E. 30) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: April 28, 2022.

John Michael Vazquez, U.S.D.J.

11